Brooke, J.
It is the settled principle of this court, that the whole matter put in controversy by the pleadings is decided, the decree is final, and not interlocutory, although there are reservations embracing matters in execution of the decree, and although there may be a controversy growing out of the execution of it; as in the case of Harvey v. Branson, 1 Leigh, 108. Nor is it of any consequence whether the whole matter in controversy is decided by the decree, negatively or affirmatively:—whether the errors, if any, are errors of omission or commission, they do not affect the character of the decree. In Perry v. Phelips, 10 Ves. 34. there is much learning on this subject, and many cases examined, in the opinion of the lord chancellor; and all of them, I think, may be brought within the principles before stated. In the case before us, if the plaintiff had not sought to charge the lands in the hands of the purchasers, and had sued the sureties of the executor, on the bond for the due administration of the personal estate, the judgement for the annuities already due would have reserved the right of the plaintiff to sue out a scire facias, toties quoties, for the future annuities as they should fall due; and yet the judgement must have been held to be final. If, in this case, this had not been necessary,—if there had been no future sums to become due,—it is impossible to conceive what matter in controversy would have remained to be settled by the court. The exclusive decree against the sureties of the executor, without any intimation that the land in the possession of the purchasers, was to be subjected in any event (whether right or wrong) negatively decided that the land was, in no event, to be subjected to the payment of the annuity; and it appears to me to have been a casual omission, that the bill was not dismissed as to the purchasers of the real estate. The appeal not having been prayed in time, was improvidently allowed, and must, therefore, be dismissed.
My impression too is, that the decree is correct upon the merits, except in allowing six instead of five per cent, interest.
*219 Tucker, P. In the examination of this case, we are met at the threshold by an objection to our jurisdiction over the subject. It is said, on the one hand, that the appeal has been improvidently allowed, since more than three years had elapsed from the date of the decree before the application for the appeal. In answer to this objection, it is contended, that the decree, in this case, is not final but interlocutory, and that the limitation in the statute applies only to the case of a final decree. The first question, then, to be examined, is, whether this be a final decree or not ?
I heartily concur in the principles laid down on this subject in Royalls v. Johnson, 1 Rand. 421. and Harvey v. Branson, 1 Leigh, 108. In the former of those cases, it was decided, that where a decree is made as to one of several defendants, whose interests are not at all connected with each other, with a direction for the payment of costs as to that defendant, such decree is final as to him, although the cause may be still pending in court as to the rest. And in the latter, it is most truly said, that when a decree makes an end of a case, and decides the whole matter in contest, costs and all, leaving nothing further for the court to do, it is certainly a final decree. According to these principles, I was strongly impressed with the belief, that the decree in this case was final, until I had an opportunity of accurately examining the record. That examination has resulted in an opposite conviction, the reasons of which I shall endeavour succinctly to state.
1st, In this case, the cause is not out of court as to any of the parties. The entry is, “ the court doth order this cause to be retained here for the purpose of taking further accounts as to future annuities.” The cause being retained, the parties are all of course retained in court with it. Not only is there no decree at all as to the purchasers of the real estate before the court, but the appellants themselves have still a day in court: the cause being retained, they are not dismissed from the tribunal at whose bar they were commanded to appear. In this regard, the case differs most *220 essentially from the other cases, in which there is “ liberty , , ..... . . reserved to resort to the court lor its further interposition. I» those cases, the party availing himself of that liberty, files his petition, upon which process must issue, as his adversary has no day in court. But here, the cause being retained, the parties are still in court, and must attend to the progress of the cause at their peril. A cause continued in court under these circumstances, can scarcely be said, I think, to be finally decided.
But 2nd!y, does the “ decree, in this case, make an end of the cause, and decide the whole matter in contest, costs and all?” in the language of the court in Harvey v. Bran-son. To ascertain this, it will be necessary to advert to the pleadings in the case, and the points of controversy thereby presented. The plaintiff claimed to charge both the real estate in the hands of the purchasers, and the sureties of the executor, as responsible for the personalty wasted by him, with her demand. Then, out of this claim on the part of the plaintiff, a question arose between the defendants as to which was ultimately to bear the burden. And this question was as much a part of the lis contestata to be settled by the court, as the demand of the plaintiff itself. For it is the established principle of the court, that where the pretensions of the defendants are fairly before it, if the plaintiff has a right to charge them both, the decree will either be rendered directly against the party who ought ultimately to bediable, or if, as sometimes happens, the decree is taken against the other, be will be entitled to a decree over. West v. Belches, 5 Munf. 187. M’Neil v. Baird, 6 Munf. 316. Morris v. Terrel, 2 Rand. 6. Hubbard v. Goodwin, 3 Leigh, 492. Now, in this case, the respective rights and obligations of the co-defendants are completely ascertained by the pleadings and proofs between the plaintiff and those defendants. The question between them was, therefore, to be decided as part of this cause. Has it been so decided ? I think not. The court has, indeed, decreed the plaintiff’s demand against the sureties of the executor, who were *221 doubtless liable in the first instance, but it has not pronounced upon the demand propounded by their answer, that the real estate should be made answerable over to them, in case they should be subjected in the first instance to the plaintiff’s demand. So far from deciding this question between those parties, nothing is said about it, and both parties are yet before the court, awaiting its judgement upon the matter. It cannot be denied, I think, that as the cause is retained in court, as the parties are of course retained in court, and as an important and indeed vital question between the defendants, is yet unsettled, which the court ought to have decided, it may yet go on to decide that question.
It has been suggested, that the omission to decree over, was error in the decree, and did not enure to make the decree interlocutory. 1 do not think so. As it was entirely uncertain whether the decree against the appellants would or would not be available, the court could neither, at the date of this decree, have decreed in favor of the appellee against the purchasers of the land, who were only liable ultimately, if liable at all, nor could it have decreed over against the purchasers of the land in favor of the appellants, as they had then paid nothing. I think it more reasonable to consider these questions reserved, as all the parties were before the court, than gratuitously to impute to that tribunal, the error of omitting to dispose of an important question in the cause.
But it may be said, that, although the contest between the defendants as to their respective liabilities, has not been settled, the rights of the plaintiff as against the appellants have been finally adjudicated, that therefore the decree is final as between those parties, and that no decree as between the defendants can affect the appellee: and the case is thus supposed to be brought within the influence of the principle of Royalls v. Johnson. It is necessary to advert to the peculiarity of this case. The contest between the defendants, which, we have seen, the court was as much bound to adjust, as that between the plaintiff and the de *222 fendants, did not grow out of the pleadings between them, out of the pleadings between the plaintiff and them. If the decree puts an end to the cause as to the plaintiff, and puts her out of court, it puts all the defendants out of court of course. There being no cross cause as between the defendants, they can only be retained in court, and their pretensions decided, upon the foundation of a subsisting bill of the plaintiff against them; and if that bill be considered as put out of court by this decree, as a final decree, there is no foundation left, upon which the court can proceed to decree between the defendants.
I am, therefore, upon the whole, of opinion, that the decree in this case must be taken to be interlocutory, and so the appeal has been regularly allowed. But the other judges are of a different opinion on this point, and the appeal is to be dismissed. And I the less regret that disposition of the cause, though it is contrary to my own judgement on the point, since I am of opinion, on the merits, that the decree, taking it as a decree settling the controversy between the co-defendants, is right, and that the decree ought to be affirmed; except as to the allowance of six instead of five per cent, interest, in which respect the decree is erroneous, the plaintiff’s claim having had its origin in a will made in 1791, when the legal rate of interest was only five per cent.